**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Thomas A. Reyda (State Bar No. 312632)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
        jsmith@bursor.com
        treyda@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE BEGAY, on Behalf of Herself and all Others Similarly Situated,<br><br>                              Plaintiff,<br><br>      v.<br><br>MARITZCX RESEARCH, LLC, and MARITZCX HOLDINGS, LLC.<br><br>                              Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1    Plaintiff Marlene Begay ("Plaintiff"), individually and on behalf of all others similarly

2  situated, alleges the following on information and belief, except that Plaintiff's allegations as to her

3  own actions are based on personal knowledge.

4                                    **NATURE OF THE ACTION**

5    1.    In April 2018, Defendants MaritzCX Research, LLC, and MaritzCX Holdings,

6  LLC, ("Defendants") and/or their agents called Ms. Begay at least once on her cellular telephone

7  using an autodialer and/or an artificial or prerecorded voice.  Defendants are research marketing

8  firms that conduct consumer research.  But Plaintiff did not give Defendants prior express consent

9  to make these calls.  Prior to the contact at issue in this complaint, Plaintiff had no relationship with

10  Defendants.

11    2.    Plaintiff brings this action for injunctive relief and statutory damages arising out of

12  and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting

13  Plaintiff and class members on their cellular telephones using an automatic telephone dialing

14  system or an artificial or prerecorded voice without their prior express written consent, within the

15  meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

16                                          **PARTIES**

17    3.    Plaintiff Begay is a resident of Los Altos, California and a citizen of the State of

18  California.

19    4.    Defendant MaritzCX Research, LLC, is a Missouri corporation with its principal

20  place of business in Fenton, Missouri.

21    5.    Defendant MaritzCX Holdings, LLC is a Delaware corporation with its principal

22  place of business in Fenton, Missouri.

23                                **JURISDICTION AND VENUE**

24    6.    This Court has subject matter jurisdiction over this action pursuant to the Class

25  Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28

26  U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as

27  here: (a) there are 100 or more members in the proposed classes; (b) some members of the

28

proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed

class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28

U.S.C. § 1332(d)(2) and (6).

7.     This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331

because this action involves violations of federal statutes, the TCPA and the FDCPA.  This Court

has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

8.     Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants transact

significant business within this District, Plaintiff resides within this District, and a substantial part

of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.     The Telephone Consumer Protection Act Of 1991**

9.     In 1991, Congress enacted the TCPA in response to a growing number of consumer

complaints regarding certain telemarketing practices.

10.    Among other things, the TCPA prohibits making any call using any automatic

telephone dialing system or an artificial or prerecorded voice without the prior express consent of

the called party.

11.    According to findings by the Federal Communications Commission ("FCC"), such

calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of

privacy than live solicitation calls, and such calls are costly and inconvenient.

12.    The FCC has issued rulings clarifying that in order to obtain an individual's consent,

a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.

2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect

consumer privacy because such consent requires conspicuous action by the consumer—providing

permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     Defendant's Calls to Plaintiff and Class Members**

13.    In April 2018, Defendants and/or its agent called Ms. Begay on her cellular

telephone at least once using an autodialer and/or an artificial or prerecorded voice.  Ms. Begay

identified one such call that originated from (310) 263-8595. Ms. Begay did not give Defendants prior express written consent to make these calls. Even worse, Ms. Begay's telephone number has been registered on the National Do Not Call Registry since September 16, 2008.

14.    Defendants made this call through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice. When Ms. Begay answered the call from Defendants and/or its agent, there was a pause before a live person began speaking indicating the use of an automatic telephone dialing system.

15.    Ms. Begay was harmed by Defendants acts in the form of involuntary telephone and electrical charges; the aggravation, nuisance, waste of time and invasion of privacy that necessarily accompanies the receipt of an unwanted telephone call; and violations of her statutory rights.

16.    Prior to the calls at issue in this action, Ms. Begay never had any contact with Defendants. She has never consented in writing, or otherwise, to receive autodialed telephone calls from Defendants. She has never provided Defendants with her telephone number.

**C.    Complaints Regarding Defendant's Unsolicited Calls**

17.    Online consumer complaints regarding Defendant's unsolicited robocalls and autodialed calls are abundant:

- "Call to my cell on Tuesday noon. Hang up no answer. Called back got a recording saying it's a 'market research company' doing surveys on products."[1]

- "[P]lease stop these people from calling and scamming people."[2]

- "Unknown, calling everyday, changing last 4 digits"[3]

<u>**CLASS ACTION ALLEGATIONS**</u>

18.    Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

---

[1] www.800notes.com/Phone.aspx/1-310-263-8595
[2] www.findwhocallsyou.com/3102638595?CallerInfo
[3] www.everycaller.com/phone-number/1-310-263-8595/

19.     Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

20.     Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Robocall Class are the Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

21.     Plaintiff also proposes the following Autodialer Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendants; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

22.     Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are the Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

23.     Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendants' business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

24. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

25. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendants.

26. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b. Whether Defendants' conduct was knowing and/or willful;

    c. Whether Defendants made harassing, oppressive, or abusive telephone calls;

    d. Whether Defendants are liable for damages, and the amount of such damages, and

    e. Whether Defendants should be enjoined from engaging in such conduct in the future.

27. As a person who received calls on his or her telephone through the use of an autodialer or use of an artificial/prerecorded voice, without her prior express written consent, Plaintiff asserts claims that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

28. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

29. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The

interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendants are small because the statutory damages in an individual action for the violations alleged herein are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

30.     Defendants have acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the statutory violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

31.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

32.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

33.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

34.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

35.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,
## 47 U.S.C. § 227, *et seq.*

36.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

37.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38.    As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39.    Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

40.    Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendants:

   a.   Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

   b.   As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

   c.   As a result of Defendants' violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

d.  An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

e.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

f.  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  June 27, 2018

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ L. Timothy Fisher*
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Thomas A. Reyda (State Bar No. 312632)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
            jsmith@bursor.com
            treyda@bursor.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT                                                                 8